FRANK SCHREIVOGL, Respondent, *v.* J. & M. ELECTRIC COMPANY, Appellant.

Third Department, November 15, 1923.

Sales — conditional sale of electric lighting machine — machine was guaranteed against defects — machine did not work and original engine was replaced by another at higher price and under different guaranty, but without any conditions as to title — sale of second engine was absolute.

In an action to recover damages for a breach of warranty of an electric lighting machine, it appeared that the plaintiff purchased a machine on a conditional sale contract; that the machine was guaranteed to be free from all defects of workmanship or material; that the machine did not operate successfully and thereafter a verbal contract was made whereby another engine of a different type was substituted at a higher price and under a guaranty that the machine would light up the plaintiff's place; and that in the subsequent agreement it was not stipulated that the conditions of the first contract would be applicable, and no time of payment was fixed.

*Held*, that the second contract was not limited by any conditions in the first contract affecting title to the property and that the sale of the second engine was absolute and not on condition that the title should remain in the seller until the machine was paid for.

APPEAL by the defendant, J. & M. Electric Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 14th day of February, 1923, upon the verdict of a jury, and also from an order denying the defendant's motion for a new trial made upon the minutes.

*Horton D. Wright,* for the appellant.

*Ward & Dunkell [Harold W. Ward* of counsel], for the respondent.

COCHRANE, P. J.:

The defendant appeals from a judgment rendered against it because of its breach of warranty in the sale by it to the plaintiff of a lighting machine and outfit. The only exception available to the defendant arises on the denial by the court of its motion to dismiss the complaint. That motion was made in the following language, viz.: " That this property was purchased under a conditional sales contract and under the testimony of the plaintiff's witnesses the same has not been paid for and no action may be maintained for a breach of warranty on a conditional sales contract until after the property so purchased has been paid for."

The parties contracted for the sale and installation by the defendant of a lighting plant in the plaintiff's hotel which provided that the title should not pass to the purchaser until the property was fully paid for. Payments were to be made by installments as therein specified. The defendant guaranteed that all fixtures and material delivered under the contract should be free from all defects of workmanship or material. The equipment furnished under this contract failed to operate successfully. Thereafter a verbal contract was made with the representatives of the defendant whereby another engine was substituted in the place of the former one. This latter engine was warranted to light up the plaintiff's place and do what he needed. It is on this latter warranty that the judgment herein has been recovered. The second engine did not work properly and it was taken down by the defendant and overhauled, a third engine being temporarily substituted for a short time. The second engine, however, was replaced but it failed to work and after repeated attempts on the part of the defendant to make it work successfully the effort to **do** so seems to have been abandoned.

The second engine was of a different type from the first. It was vertical instead of horizontal. It had greater power. It was represented that it would light sixty-five lamps instead of forty, the agreed capacity under the original contract. The price fixed by the original contract was $388. The price fixed by the second contract was $503.75. Nothing was said about making the conditions of the first contract applicable to the second. No time of payment was fixed by the terms of the second contract. The presumption is that the full amount was to be paid on the completion of the contract. As a matter of fact the plaintiff has paid $403.75 which was more than sufficient to extinguish the

original conditional contract assuming it to have remained in force. We think the second contract was not limited by any conditions affecting the title to the property. It appears to have been an absolute sale. The price agreed on was substantially greater than the first price. The subject-matter of the contract was materially different. A new consideration made its appearance in the agreement. A different warranty was made in the second contract. There is nothing to indicate that the minds of the parties met. on any other arrangement than that of an absolute sale. It is impossible to extend to the second contract the conditional terms of the first. The contract as finally made and consummated was not conditional but absolute. The point raised and urged by the appellant is, therefore, not in the case.

We have carefully examined the evidence and find that it amply supports the verdict and that no reason exists for disturbing the same. Indeed, the controlling facts on this appeal are uncontroverted.

The judgment and order should be affirmed, with costs.

H. T. KELLOGG, VAN KIRK, HINMAN and McCANN, JJ., concur.

Judgment and order unanimously affirmed, with costs.